UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALICE F. on behalf of ANDRE F.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C21-5028-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Alice F. appeals the ALJ's October 14, 2020 decision finding her late husband (hereafter Plaintiff) not disabled. Dkt. 1. Although Plaintiff contends Appeals Council review was sought, the record does not establish review was sought. Dkt. 19 at 2. Accordingly, the October 2020 ALJ decision is the Commissioner's final decision. Plaintiff contends the ALJ erroneously rejected his testimony and failed to include a functional limitation assessed by Amy Ford, Psy.D. Dkt. 19. Plaintiff also contends the Court should remand the case because 42 U.S.C. § 902(a)(3) which governs removal of the Commissioner from office violates separation of powers. *Id.*

The Court finds the case should be remanded for further proceedings. Although the ALJ gave at least one valid reason to reject Plaintiff's testimony, the ALJ harmfully erred by failing to account for all functional limitations assessed by Dr. Ford. The Court further finds § 902(a)(3)

which governs removal of the Commissioner violates separation of powers, but is not grounds to reverse the entirety of the ALJ's findings and decision.

## DISCUSSION

### A.     Plaintiff's Testimony

The ALJ found Plaintiff presented objective medical evidence of underlying impairments that could cause the symptoms alleged, and no affirmative evidence of malingering. Tr. 31. The ALJ was required[1] to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount Plaintiff's testimony as to symptom severity. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ rejected Plaintiff's testimony on the grounds Plaintiff received conservative therapy and injections improved his headaches. But the records the ALJ relied upon show while injections provided a good deal of relief, "some level of pain from headaches is the norm . . . and thus the procedure does not appear to completely resolve them and he adjusts accordingly." Tr. 631. The records relied upon by the ALJ also show Plaintiff feels better with each injection but if there is sustained concentration "he can have a severe breakthrough." Tr. 632. The record thus shows treatment did not improve Plaintiff's symptoms to the point where it contradicted Plaintiff's testimony. The Court concludes substantial evidence does not support the ALJ's determination.

The ALJ also rejected Plaintiff's testimony as inconsistent with his daily activities noting Plaintiff helped his wife run a dog/animal rescue; felt he was busy with tasks such as obtaining food, caring for their property and maintaining vehicles; traveled twice to Wyoming to clean out

---

[1] The Commissioner's argument that a lesser standard applies is contrary to long standing Ninth Circuit law. *See Garrison v. Colvin,* 759 F.3d 995, 1015 n. 18 (9th Cir. 2014) ("The government's suggestion that we should apply a lesser standard than "clear and convincing" lacks any support in precedent and must be rejected.").

storage sheds; worked in his shop cutting wood; was independent in mid-2018 in his daily activities including house repair, mowing grass, and doing the bookkeeping for the nonprofit animal rescue he and his wife operated; and was able to care for himself when his wife was away for three days.

Plaintiff argues these activities are not inconsistent with Plaintiff headaches or need to lie down and were performed on his own schedule. Dkt.19 at 13. The ALJ acknowledged Plaintiff's conditions contributed to the amount of time it took Plaintiff to complete tasks but found the array of activities Plaintiff performed was not consistent with his testimony about the severity of his symptoms. The Court cannot say the ALJ's determination was unreasonable, and thus even if the record might be interpreted as Plaintiff argues, the Court must uphold the ALJ's determination. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.2008).

Because the ALJ gave at least one valid reason to discount Plaintiff's testimony the ALJ's inclusion of an erroneous reason is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). The Court accordingly affirms the ALJ's determination to discount Plaintiff's testimony.

**B. Dr. Ford**

Dr. Ford examined Plaintiff and opined one of Plaintiff's functional limitations is he "would not adapt to new environmental conditions." Tr. 558. Plaintiff argues the ALJ harmfully erred by failing to include the limitation in the residual functional capacity (RFC) determination. The Commissioner defends the ALJ arguing the ALJ "rejected Dr. Ford's conclusion that [Plaintiff] could not adapt to new environmental conditions. Dkt. 29 at 22.

The ALJ stated "I give significant weight to the opinion of the consultative psychological examiner Amy Ford, Psy.D." Tr. 33. This is an unqualified acceptance of Dr. Ford's opinions.

The ALJ did not find Dr. Ford's opinion to be internally inconsistent, as the Commissioner suggests and did not state she was rejecting the adaptation limitation. The ALJ's decision thus indicates adoption of all limitations assessed by Dr. Ford, not exclusion of the adaptation limitation. Because the ALJ gave significant weight to Dr. Ford's opinions about Plaintiff's limitations, the ALJ erred by failing to either including the adaptation limitation or giving valid grounds to reject it.

This error is harmful. In determining RFC, the ALJ must assess all relevant evidence, including medical reports and witnesses' descriptions of limitation, to determine what capacity the claimant has for work. *See* 20 C.F.R. § 416.945(a). Further, the hypothetical questions the ALJ poses to a Vocational Expert to determine what work a claimant can perform "must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir.2002) (quoting *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir.1995)). Neither of these requirements were met and thus the RFC determination fails to account for all possible limitation, and the Vocational Expert gave an opinion that also failed to include all of Plaintiff's functional limitations.

**C. Separation of Powers**

Although the Court finds nonconstitutional reversal error, the Court addresses Plaintiff's separation of powers argument because the argument suggests the constitutional violation requires the Court to reverse the entirety of the ALJ's decision. Dkt. 19 at 8. In her opening brief, Plaintiff argues that under *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020), and *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Court should find 42 U.S.C. § 902(a)(3), which governs removal of the Commissioner of Social Security violates separation of powers under Article II of the United States Constitution. Dkt. 19 at 4-8. In her reply brief,

Plaintiff argues *Decker Coal Co. v. Pehringer*, 8 F.4th 1123 (9th Cir. 2021), cited by the Commissioner, is distinguishable and supports her separation of powers argument. Dkt. 36 at 1-4.

For the reasons stated in *Lisa Y. v. Commissioner of Social Security*, -- F.Supp 3d--, No.21-5207-BAT, 2021 WL 5177363 at *5-8 (W.D.Wash. Nov. 8, 2021) the Court finds 42 U.S.C. § 902(a)(3) violates separation of powers. However, the Court finds the violation is not grounds to reverse the ALJ's findings and decision in this case whether in part or in its entirety. Plaintiff acknowledges he challenges decisions that all occurred during Commissioner Saul's tenure. President Trump appointed Commissioner Saul, and Plaintiff presents nothing showing he was possibly harmed by § 902 because President Trump desired or directed a result that differs from the Commissioner's final decision but was stymied by § 902. Under the facts of this case, Plaintiff has not shown the possibility of harm as required by *Seila Law,* or *Collins.* Further, consistent with these cases, the Court in *Decker Coal Co*. stated "there is no link between the ALJ's decision awarding benefits and the allegedly unconstitutional removal provisions. And nothing commands us to vacate the decisions below on that ground." *Decker Coal Co.,* 8 F.4th at 1138.

## CONCLUSION

The Court finds the ALJ harmfully erred by failing to account for a functional limitation assessed by Dr. Ford but affirms the ALJ's determination to discount Plaintiff's testimony. The Court further finds §902(a)(3)'s removal provision is not grounds to remand the ALJ's findings whether in part or in its entirety. Plaintiff argues because the ALJ erred, the Court should remand the case for an award of benefits or alternatively for further proceedings. Dkt. 19 at 14. However, the impact of Dr Ford's opinion Plaintiff has adaptation limitations has not been assessed, and

further administrative proceedings are not only appropriate but necessary because it is the Commissioner's prerogative to weigh evidence in the first instance.

Accordingly, the Court **REVERSES** the Commissioner’s final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The Court affirms the ALJ's determination to discount Plaintiff's testimony and finds the separation of powers argument is not grounds to reverse all of the ALJ's findings. The Court thus orders that on remand, the ALJ shall reassess the opinions of Dr. Ford, develop the record and reassess RFC as needed and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 29th day of November, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge